## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

### No. 5:07-CV-174-H

| | | |
|---|---|---|
| LILIANA MARTINEZ-HERNANDEZ and ULDA APONTE, both individually and on behalf of all other similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| BUTTERBALL, L.L.C., | ) ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiffs' Motion to Compel Entry and Inspection and Answer to Interrogatories [DE- 235] and Motion to Extend Discovery Deadline [DE-257]. Defendant has filed an objection to both motions [DE- 237 & 259], and these matters are ripe for ruling.

This action was brought under the Fair Labor Standards Act and the North Carolina Wage and Hour Act for back wages and liquidated damages resulting from Defendant's alleged failure to pay Plaintiffs for all time worked, included time spent donning and doffing employer required clothing and gear. Plaintiffs, through discovery, sought to obtain the "actual time that plaintiffs don and doff during their scheduled one-half hour breaks." See Pl.s' Memo. at 2. Plaintiffs assert that Butterball does not keep records of actual time spent donning and doffing. Id. at 3. Therefore, Plaintiffs ask to Court to compel Defendant (1) to allow Plaintiff to install timekeeping equipment at Defendant's plant that will measure the actual time spent donning and doffing equipment; and (2) to provide the data recorded to Plaintiff at the close of discovery. See Pl.s' Mot., Exs. 4 & 5. Defendant counters that, under the Federal Rules of Civil Procedure, it cannot be compelled to

conduct tests for Plaintiffs, that the proposed inspection is unduly burdensome, and that Plaintiffs'

inspection will not provide any useful information. See Def.'s Resp. at 2.

Additionally, Plaintiffs filed a motion to extend discovery deadlines based on (1) the pending

motion for entry and inspection, (2) alleged discovery delays by Defendant, and (3) alleged delays

due to preparation for mediation. Defendant counters that Plaintiffs have not been diligent in

pursuing discovery and that it will be prejudiced by an extension of the discovery deadline.

## DISCUSSION

### I.     Notice of Inspection

Plaintiffs' First Notice of Inspection served on Defendant provided in pertinent part:

> In accordance with Rule 34(a)(2) of the Federal Rules of Civil Procedure,
> plaintiffs request that defendant permit entry onto designated land or other property
> possessed or controlled by defendant, so that the requesting party may inspect,
> measure, survey, photograph, test, or sample the property or any designated object
> or operation on it, as follows: establish KRONOS card swipes, to be located at the
> exit of each of the different locker rooms and/or equipment storing areas designated
> for each group of production employees, and to be swiped by each production
> employee when such employee: (a) enters such locker room or equipment storing
> area when returning from any assigned break(s) that occurred during that employee's
> work shift, and (b) exits such locker room or equipment storing area as part of the
> start of any assigned break(s) that occurred during that employee's work shift.
> Plaintiffs will place the required device thirty-three (33) days from today, and leave
> the device through the conclusion of discovery.

Pl.s' Mot., Ex. 4. Currently, there are Kronos machines at employee entrances of Defendant's Mt.

Olive facility, but not at the various locations where employees don and doff clothing and gear. See

Second Decl. of Karen Ingram, ¶ ¶ 8 & 10. Plaintiffs essentially want to install additional Kronos

machines at locations where Defendant's employees don and doff clothing and gear upon taking a

break during the work day, such as a locker room or equipment room. Defendant's employees would

be required to swipe their assigned cards upon entry to and exit from these designated areas when

taking a break. Plaintiffs assert that this would measure the actual donning and doffing time during

2

scheduled breaks.

Plaintiffs rely on Rule 34(a)(2) of the Federal Rules of Civil Procedure, which provides that "A party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P 34(a)(2). Plaintiffs do not simply seek entry to Defendant's plant to observe and measure the donning and doffing process. Plaintiffs are asking the Court to order Defendant to implement a wholly new procedure for its employees from which to collect data. This is beyond the scope of Rule 34(a)(2). See Sperberg v. Firestone Tire & Rubber Co., 61 F.R.D. 80, 82-83 (N.D. Ohio 1973) (denying motion to compel where plaintiff, under Rule 34, sought to have the other party ordered to conduct tests devised by plaintiff).

The Plaintiffs cite no cases where a court has compelled an opposing party to implement new procedures for its employees to follow in order to collect data sought by the other side in discovery. The cases Plaintiffs do cite are not sufficiently analogous to the present case to support the relief sought. See Anderson v. Perdue Farms, Inc., 604 F. Supp. 2d 1339, 1344-46 (M.D. Ala. 2009) (poultry processor in a donning and doffing case entered into a consent judgment that implemented a Kronos system to measure compensable time). Implementation pursuant to a consent judgment is very different than a court ordering the implementation of such a system for the purpose of discovery. In other cases cited by Plaintiffs, the courts granted permission for entry and inspection by the *movant*, but did not compel the opposing party to implement procedures or tests.[1] See Minn. Mining & Mfg. Co., Inc. v. Nippon Carbide Indus. Co., Inc., 171 F.R.D. 246, 248 (D. Minn. 1997)

---

[1] Defendant has agreed to allow Plaintiffs and their expert to observe Defendant's operations and to conduct a passive study. See Def.'s Resp. at 6.

3

(movant granted permission to inspect, observe, videotape, and photograph defendant's production

facilities and to take samples of certain materials); Morales v. Turman, 59 F.R.D. 157, 158 (E.D.

Tex. 1972) (plaintiffs' experts allowed to conduct observation study by living in juvenile facilities).

The Court concludes that Plaintiffs' request is not within the scope of Rule 34(a)(2) in that

it does not seek entry for Plaintiffs to inspect and measure, but instead requires Defendant to

implement new policies for its employees in order to collect data for Plaintiffs.

## II.    Interrogatory No. 20

Interrogatory No. 20, propounded by Plaintiffs to Defendant in conjunction with the Notice

of Inspection, states as follows:

> For all production line employees employed by defendant Butterball, LLC in
> the time period beginning with the date on which any person or entity actually installs
> or could install a KRONOS time clock at the entrance/exit area of each of the
> different locker rooms and/or equipment storing areas designated for each group of
> production line employees of defendant Butterball, LLC and ending with the date that
> discovery in this action is terminated, please separately state for each one of those
> same production line employees for each day or part of a day that any one of those
> same production line employees was employed by defendant Butterball, LLC at any
> time in that same time period:
>
> (a)    the point in time that each one of those same production line employees first
>        enters the locker room or equipment storing area designated for each one of
>        those same production line employees as part of that same employee's return
>        to production line work from any assigned break(s) that occurred during that
>        same employee's work shift, and
> (b)    the point in time that each one of those same production line employees first
>        exits such locker room or equipment storing area designated for each one of
>        those same production line employees as part of that same employee's start
>        of any assigned break(s) that occurred during that employee's work shift.

Pl.s' Mot., Ex. 5 at 3.  Defendant objected on the grounds that it does not have the information

requested, it would be unduly burdensome to collect the information, and the information sought is

not reasonably calculated to lead to the discovery of admissible evidence.

The Court has already concluded that it would be improper, under Rule 34, to compel

4

Defendant to install equipment and implement new employee procedures in order to collect data for Plaintiffs, and the Court will not impose such a requirement in the context of an interrogatory response under Rule 33. Furthermore, the Court agrees that collection of such information would be unduly burdensome on Defendant. It is undisputed that Defendant does not collect the information sought by Plaintiffs in the ordinary course of its business. To collect it, Defendant would have to log the time each of its approximately 2,000 production employees enters and exits a locker room or other designated area for any assigned break. This would likely require implementation of a mechanized system, such as the one proposed by Plaintiff, which the Court has declined to order. The cases cited by Plaintiff for the proposition that a party must produce information under its control or available through reasonable effort do not contemplate such an onerous task as the one Plaintiffs propose. See Dean v. New Werner Holding, Co., Inc., 2008 WL 2560707 (D. Kan. June 26, 2008) (issue was whether defendant corporation had to answer interrogatories regarding a product that was manufactured by a company subsequently purchased by defendant where defendant already possessed the documents from which the interrogatories could be answered); Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682 (M.D. Fla. 2005) (issue was whether plaintiff assignee must interview personnel of co-plaintiff assignor to ascertain information responsive to interrogatories regarding plaintiff assignee's claims).

Finally, Plaintiffs contend that having this information would save the Court from having to "weigh competing experts' assessments of detailed time and motion studies. . . ." Pl.s' Memo. at 6. Plaintiffs' assertion is speculative. It is not clear that knowing the amount of time each worker spends in a particular area, without information as to precisely what the worker is doing during that time, would obviate the need for experts. The Court finds no grounds upon which to compel Defendant to answer Interrogatory No. 20.

5

## III.    Attorney's Fees

Butterball requests that it be awarded attorney's fees pursuant to Rule 37(a)(5), which generally mandates an award of reasonable expenses, including attorney's fees, to the prevailing party when the motion is denied, unless the motion was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). "A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" Decision Insights, Inc. v. Sentia Group, Inc., 311 Fed. Appx. 586, 599 (4th Cir. 2009) (quoting Pierce v. Underwood, 487 U.S. 552, 565-66 n.2 (1988)). The Court finds that Plaintiffs' motion, while unsuccessful, presented a genuine dispute and had a reasonable basis in law and fact and declines to award payment of Defendant's attorney's fees.

## IV.    Extension of Discovery

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiffs' expert reports are currently due October 31, 2009, and discovery closes on December 30, 2009. Plaintiffs contend that a six month extension is warranted because if the Court denies their motion to compel, they will need to retain an expert for a time/motion study regarding donning and doffing. Defendant argues that it will be prejudiced by any extension of discovery because, in the event liability is found to exist, it continues to accrue damages during the pendency of the case and Defendant's exposure will be increased.

As addressed above, while the Court herein denies Plaintiffs' motion to compel, it does not find that the motion was unreasonable. Plaintiffs were attempting to obtain information central to their claims in a manner they thought might be more efficient and less costly than hiring an expert. And while prolonging discovery may increase Defendant's damage exposure if it is found to be

6

liable, Defendant would presumably compensate its employees correspondingly going forward. The Court concludes that there is good cause to grant Plaintiffs' motion to extend discovery deadlines. However, as there is still time remaining within which to complete discovery and to lessen any potential prejudice to Defendants, the Court will extend the deadlines as follows:

(1)     Reports from retained experts are due from plaintiffs by December 30, 2009, and from defendant by January 29, 2010;

(2)     All discovery will be concluded by February 26, 2010;

(3)     All potentially dispositive motions are due by March 26, 2010; and

(4)     The trial of this matter is continued to Judge Howard's civil term beginning August 16, 2010.

## CONCLUSION

Plaintiffs' motion to compel [DE-235] is **DENIED**, Defendant's request for attorney's fees is **DENIED**, and Plaintiffs' motion to extend discovery [DE-257] is **GRANTED IN PART**.

This _3rd_ day of November, 2009.

DAVID W. DANIEL
United States Magistrate Judge

7