IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-174-H

LILIANA MARTINEZ-HERNANDEZ and )
ULDA APONTE, both individually and on )
behalf of all other similarly situated persons, )
 )
    Plaintiffs, )
 )
v. ) **ORDER**
 )
BUTTERBALL, L.L.C., )
 )
    Defendant. )

This matter is before the Court on Plaintiffs' motions to compel [DE-392 & 407] and motion for reconsideration [DE-394] and Defendant's motion to stay [DE-398]. The matters have been fully briefed and are ripe for decision.

### I.     Plaintiffs' Motion to Compel - Interrogatory Nos. 18 & 19 [DE-392]

Plaintiffs ask the Court to compel Maxwell Farms, LLC to answer Interrogatory Nos. 18 & 19 from Plaintiff's First Set of Interrogatories to Butterball, LLC, Maxwell Farms, LLC, Maxwell Farms, Inc., and Smithfield Foods, Inc., which sought the following information:

> For the period from 1 January 1994 through the date that this action was filed (30 March 2007), the information sought in interrogatory ##18-19 as to the identity and contents of any information, knowledge, advice, an/or [sic] counsel that Butterball, LLC and/or Maxwell Farms, LLC received or obtained as to the legality of the actions described in the answers of Butterball, LLC and Maxwell Farms, LLC to the wage and compensation practices that are the subject of this litigation and described in interrogatory numbers 12-17 of those same interrogatories.

Pls.' Mot. to Compel at 1 [DE-392]. Maxwell Farms, LLC lodged a number of objections to these interrogatories, and Plaintiffs filed a motion to compel answers in October 2009 [DE-254]. The Court in its December 18, 2009 Order, with respect to these interrogatories, concluded as follows:

> Butterball shall produce any non-privileged documents and answer the Interrogatories related to its knowledge of, good faith implementation of, or disregard of FLSA and state wage and hour law, which is specifically not limited to the knowledge of Lenaghan at the time he made the recommendation regarding the Mt. Olive Plant. The motion to compel is denied as to the documents for which attorney-client and/or work product privilege has been claimed, with the exception of any documents related to donning and doffing time and compensation in compliance with FLSA or state labor laws that Lenaghan reviewed or had knowledge of, whether or not Butterball contends that he relied on those documents.

Dec. 18, 2009 Order at 13 [DE-283]. On January 4, 2010, Plaintiffs filed a motion to treat as contempt Butterball's failure to comply with the December 18, 2009 Order [DE-285] and contemporaneously filed an appeal of the December 18, 2009 Order [DE-287]. Neither of these filings specifically addresses the interrogatories to Maxwell Farms, LLC.

On February 12, 2010, Plaintiffs filed a second motion to treat as contempt Butterball's failure to comply with the December 18, 2009 Order [DE-330]. In that motion, Plaintiffs sought to hold Butterball accountable for Maxwell Farms, LLC's failure to respond to the interrogatories. The Court, in its May 21, 2010 Order, concluded that Butterball had no duty to answer discovery on behalf of Maxwell Farms, LLC and denied the motion [DE-390]. On June 4, 2010, the Plaintiffs filed the instant motion to compel Maxwell Farms, LLC to answer Interrogatory Nos. 18 & 19 [DE-392] and contemporaneously filed an appeal of the May 21, 2010 Order, which also addressed the interrogatories [DE-396].

In its December 18, 2009 Order ruling on Plaintiffs' initial motion to compel Butterball and Maxwell Farms, LLC to answer Interrogatory Nos. 18 & 19, the Court did not expressly include or exclude Maxwell Farms, LLC in its directive that Butterball answer the interrogatories. The Court now clarifies that Plaintiffs' motion to compel Maxwell Farms, LLC to respond to Interrogatory Nos. 18 & 19 was then, and is now, denied.

At the hearing on the original motion to compel, counsel for Plaintiffs stated that these

2

interrogatories were aimed at discovering what, if any, information Maxwell Farms, LLC[1] had that was passed to or available to Gary Lenaghan, Butterball's Vice-President of Human Resources and the decision maker regarding Butterball's donning and doffing pay practices. Butterball contends that in light of discovery already taken, these requests are unreasonably cumulative and duplicative. The Court agrees with Butterball.

A court is required to limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]" Fed. R. Civ. P. 26(b)(2)(C). It appears, in light of the discovery taken or authorized to date, that this discovery would be cumulative and that Plaintiffs have had ample opportunity to obtain this information from numerous other sources.

Significantly, Plaintiffs have extensively questioned Gary Lenaghan regarding what both Butterball and Maxwell Farms, LLC or Carolina Turkeys knew regarding the wage and compensation practices that are the subject of this litigation.[2] *See* Def.'s Opp'n to Mot. to Compel, Ex. A. Plaintiffs deposed Lenaghan on January 14, 2009, as both Butterball's 30(b)(6) designee and in his individual capacity as a fact witness. *See* Lenaghan Dep. at 6-7. Plaintiffs' counsel questioned Lenaghan regarding what "the company" knew about payment for donning and doffing time and asked him to speak "on behalf of the company, in its Butterball *and Carolina Turkeys incarnation*." *See id.* at 64 (emphasis added).

---

[1] Butterball was the successor to Carolina Turkeys, an entity jointly operated by Maxwell Farms, Inc. and Smithfield Foods, Inc. Maxwell Farms, LLC was the successor-in-interest to Maxwell Farms, Inc.

[2] Lenaghan was employed first by Carolina Turkeys and then by Butterball.

3

Additionally, the Court in its May 21, 2010 Order allowed Plaintiffs to depose Gordon and Louis Maxwell, the original owners of Maxwell Farms and founders of Carolina Turkeys, regarding their knowledge of two wage and hour lawsuits against Maxwell Farms and/or Carolina Turkeys. Plaintiffs also had access to depositions of the Maxwells from the *Helmert v. Butterball* case in the Eastern District of Arkansas. The Court further, in its May 21, 2010 Order, allowed Plaintiffs to depose Walter Pelletier, Butterball's corporate Secretary/Treasurer who played a key role in managing the turkey operations for Maxwell Farms. Also, it is not inconsequential that in its December 18, 2009 Order the Court directed Butterball to answer Interrogatory Nos. 18 & 19. Consequently, Butterball has already disclosed any non-privileged information it received or privileged information that Lenaghan reviewed or had knowledge of related to donning and doffing time and compensation in compliance with FLSA or state labor laws, which would inherently include such information that Butterball received from Maxwell Farms, LLC. Finally, discovery in this case closed on February 26, 2010 (with the exception of some limited discovery specifically allowed by the Court), dispositive motions are due November 19, 2010, and the trial is set for April 18, 2010. *See* May 21, 2010 Order [DE-390] & Aug. 12, 2010 Order [DE-432]. The Court finds no good cause to further delay the trial of this matter.

Plaintiffs' motion to compel [DE-392] is, therefore, denied pursuant to Rule 26(b)(2)(C).

## II. Plaintiffs' Motion for Reconsideration or Clarification [DE-394]

Plaintiffs seek reconsideration or clarification of the Court's May 21, 2010 Order regarding further discovery so that they may conduct certain additional discovery not expressly directed in the Court's May 21, 2010 Order. Butterball objects to any further discovery outside of what was allowed by the May 21, 2010 Order. In that Order, the Court stated as follows with respect to discovery and other deadlines:

4

> [C]onsidering the substantial time already allowed for discovery, the court will extend discovery in a limited manner as follows:
>
> (1) Discovery is extended for the limited purposes of allowing the parties to execute the directives of this Order. All discovery will be concluded by August 16, 2010;
>
> (2) The rebuttal report from Plaintiffs' expert on statistics (identified in DE-351) is due by June 21, 2010;
>
> (3) The parties are granted leave to take the additional depositions as set forth in this Order;
>
> (4) All potentially dispositive motions are due by September 16, 2010;
>
> (5) The trial of this matter is continued to Judge Howard's civil term beginning on February 14, 2011.

May 21, 2010 Order at 28 [DE-390]. The Court expressly limited the extended discovery to executing the directives of the May 21, 2010 Order, i.e., conducting discovery expressly authorized by the Court's order. The Court considered the present arguments of Plaintiffs in issuing its May 21, 2010 Order and finds no good cause to revisit that ruling, because the parties have had ample time to conduct discovery in this matter.

Accordingly, Plaintiffs motion for reconsideration or clarification [DE-394] is denied.

### III. Defendant's Motion to Stay Production Order [DE-398]

The Court, in its May 21, 2010 Order [DE-390], directed Butterball to produce four documents, the left behind ConAgra documents, that Butterball claimed were privileged. Butterball appealed this portion of the order [DE-399] and sought a stay of that directive pending ruling on the appeal. The Court agrees with Butterball that producing the alleged privileged documents prior the District Court's ruling on the appeal would deny Butterball the full benefit of a meaningful review on this issue. It is arguable that present disclosure of the documents to Plaintiffs would not ultimately harm Butterball even if its appeal is successful, because the District Court could bar

5

Plaintiffs from using the documents. Nevertheless, there are potentially unforeseeable consequences that may not be capable of remediation once the information is known to Plaintiffs. The Court is also mindful of the strong public policy reasons behind the existence of the attorney-client privilege. *See Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981) ("The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.") (Internal citations omitted).

Accordingly, Defendant's motion to stay [DE-398] is **GRANTED**, and the portion of the May 21, 2010 Order directing Butterball to produce the four left behind ConAgra documents that Butterball claimed were privileged is stayed pending the District Court's ruling on the appeal.

### IV. Plaintiffs' Motion to Compel Rule 30(b)(6) Designation [DE-407]

Plaintiffs ask the Court to compel Maxwell Farms, LLC and Smithfield Foods, Inc. to designate Rule 30(b)(6) witnesses to testify regarding pre-Butterball policy and practice with respect to compensation for donning and doffing activities and knowledge regarding the legality of any donning and doffing compensation policy used in the 10 years before Butterball, LLC's formation. In support of their motion, Plaintiffs assert that (1) Plaintiffs were allowed to take 20 depositions, but had only taken one at the time they filed their motion; (2) Plaintiffs' need to take these depositions did not begin to materialize until Plaintiffs' January 2010 deposition of Butterball's 30(b)(6) designee and was not definite until Butterball served interrogatory answers to Plaintiffs on February 25, 2010; and (3) Discovery "apparently closed on February 26, 2010 without any express notice from the Court[.]" Pls.' Memo. in Supp. of Mot. to Compel at 3. Butterball objects to the motion and contends that the motion is untimely and that the discovery would be cumulative. The

Court agrees with Butterball that the motion is untimely and that these depositions were not authorized under the Court's May 21, 2010 Order.

Plaintiffs first argue that the May 21, 2010 Order did not abrogate their right to take up to 20 depositions, as specified in the Court's April 24, 2009 Order. Plaintiffs may be technically correct, but to no avail. Plaintiffs had the right to take up to 20 depositions until the close of discovery on February 26, 2010. As of the Court's May 21, 2010 Order, Plaintiffs' right to take discovery had already ended, absent a court order. Plaintiffs simply failed to utilize all available depositions before the close of discovery and that does not justify allowing these depositions at this belated date.

Plaintiffs next argue that the need to take these depositions did not materialize until January or February of 2010. Plaintiffs explain as follows:

> [T]he plaintiffs seek to depose two parties to this action who were the exclusive owners and operators of the Duplin County turkey processing plant that is the subject of this litigation before October 2006, and continue to be the two corporate owners and operators of Butterball, LLC after October 2006 as to the two (2) most important issues in this case – what was the compensation policy and practice for donning and doffing activities before Butterball, LLC arrived, and what information and knowledge did either or both of those same corporate parties have which is relevant to the "good faith" defenses that Butterball, LLC has alleged under 29 U.S.C. §§ 259 and 260 and N.C.Gen.Stat. § 95-25.22(a1)[.]

Pls.' Mot. to Compel at 2 [DE-407]. These are all facts known to Plaintiffs well in advance of early 2010. In fact, the Court allowed Plaintiffs, over Butterball's objection, to depose Gordon and Louis Maxwell, Jerry Godwin, and Walter Pelletier, all key players in Maxwell Farms or Smithfield Foods. *See* May 21, 2010 Order at 19-20. Nothing prevented Plaintiffs from noticing 30(b)(6) depositions of Maxwell Farms or Smithfield Foods prior to the close of discovery or certainly before June 2010, and Plaintiffs have not shown good cause to allow this belated discovery.

Finally, Plaintiffs imply that they did not have notice of when discovery closed. This

7

argument is meritless. The Court, in its November 3, 2009 Order [DE- 261], granted in part Plaintiffs' motion to extend discovery [DE-257] and expressly stated that "All discovery will be concluded by February 26, 2010." Nov. 3, 2009 Order at 7.

Accordingly, Plaintiffs' motion to compel Maxwell Farms, LLC and Smithfield Foods, Inc. to designate Rule 30(b)(6) witnesses [DE-407] is denied.

## CONCLUSION

Plaintiffs' motions to compel [DE-392 & 407] and motion for reconsideration [DE-394] are **DENIED** and Defendant's motion to stay is **GRANTED** [DE-398].

This the 9th day of November, 2010.

_____
DAVID W. DANIEL
United States Magistrate Judge