IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5-07-CV-00174-H

LILIANA MARTINEZ-HERNANDEZ and ULDA )
APONTE, both individually and behalf of all other )
similarly situated persons, )
                                                                                                                                                               Plaintiffs, )
)
v. )
)
BUTTERBALL, LLC, )
)
                                                   Defendant. )
_____ )

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO GOOD FAITH AND OTHER AFFIRMATIVE
<u>DEFENSES ALLEGED BY DEFENDANT</u>**

Comes now plaintiffs Liliana Martinez-Hernandez and Ulda Aponte also known as Mercedes Tabora-Sagastúme, by and through their undersigned counsel, and file this motion pursuant to Rule 56(d), Fed.R.Civ.P., for entry of partial summary judgment as to the following issues in this case:

(A)     The affirmative defenses that defendant Butterball, LLC has alleged as quoted below from the following paragraphs in its Amended Answer (Doc. 296) at pages 9-12 of that Amended Answer:

**<u>FOR A THIRD DEFENSE</u>**

3.     Plaintiffs' claims under the FLSA are barred to the extent that Defendants' actions have been taken in good faith in conformity with and reliance upon established rulings, administrative regulations and interpretations of the FLSA with the meaning of 29 U.S.C. § 259.

## FOR AN EIGHTH DEFENSE

8. Plaintiffs' claims under the FLSA are barred to the extent that Plaintiffs, or any other person on whose behalf Plaintiffs seek to assert a claim, have submitted false and inaccurate time reports.

## FOR A NINTH DEFENSE

9. Plaintiffs' claims under the FLSA are barred because Plaintiffs have been paid all wages due under the FLSA.

## FOR A TENTH DEFENSE

10. Any recovery by Plaintiffs should be limited to the extent Plaintiffs have failed to mitigate any of the damages alleged in the Complaint.

## FOR AN ELEVENTH DEFENSE

11. Defendant denies that Plaintiffs are entitled to any requested relief according to the doctrine of unclean hands.

## FOR A TWELFTH DEFENSE

12. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver and estoppel.

## FOR A FOURTEENTH DEFENSE

14. Plaintiffs' claims for compensation are barred to the extent that Plaintiffs seek to assert claims for time spent donning and doffing any protective gear or clothing which Plaintiffs are permitted to don and doff at home or otherwise away from the workplace.

## FOR A NINETEENTH DEFENSE

19. Plaintiffs and other employees of the Defendant who have employed Plaintiffs and members of the proposed class have been properly paid for all compensable time under the FLSA and the NCWHA.

In addition, the plaintiff is entitled to entry of partial summary judgment with respect to the following additional issues:

(B) To the extent that defendant's Ninth and/or Nineteenth Defenses under the FLSA and the NCWHA are based upon the claim that the defendant is entitled to setoff alleged extra time that production workers were allegedly allowed on break against the workers' claim that they performed some uncompensated work time while they were donning and doffing, the plaintiffs are entitled to partial summary judgment as to those Defenses because the defendant suffered or permitted the plaintiffs and those production workers to have that alleged extra break time by compensating them for that time without expressly and unambiguously communicating to those employees that the authorized break may only last for one-half hour, that any extension of such break was contrary to the employer's rules, and any extension of such break will be punished. See Plaintiff's Exhibit 53 attached, p. 3 (§31a01(c)) of the United States Department of Labor ("DOL") Field Operations Handbook ("FOH") concerning "Rest Periods"[1], 29 C.F.R. §§ 785.13 and 778.223, and DOL Opinion Letter 2001-16 (May 16, 2001)[2].

---

[1] The FOH is and has been available on DOL's website at all times relevant to this action. *See* Transcript of Butter ball, LLC deposition by Gary Lenaghan, pp. 125-26, copied in Plaintiff's Exhibit 1 attached, and http://www.dol.gov/whd/FOH/index.htm.

[2] DOL Opinion letters under the FLSA and other statutory schemes are and have been available on DOL's website at all times relevant to this action. See Exhibit 1 attached and http://www.dol.gov/whd/opnion/opinion.htm.

(C) To the extent that the defendant's Nineteenth Defense under the NCWHA is based upon the setoff described in ¶(B) at pages 3-4 above of this Motion, the plaintiffs are entitled to entry of partial summary judgment as to that affirmative defense as defendants cannot claim any such setoff because even if the extra break time referred to in ¶(B) above was given the defendant did not provide the written notice required by N.C.Gen.Stat. §§ 95-25.13(2)-(3) to its production workers that those workers had any extra time for their breaks beyond the 30 minutes that the defendant scheduled for those breaks.

The grounds for this Motion are set forth in the Memorandum of Law that plaintiffs have filed in support of this Motion.

This the 19th day of November 2010.

| | |
|---|---|
| /s/ Robert J. Willis<br>P.O. Box 1269, Raleigh, NC 27602<br>Tel: (919)821-9031 / Fax: (919)821-1763<br>E-mail: rwillis@rjwillis-law.com<br>NC Bar No.: 10730 | Dan Getman & Matt Dunn<br>GETMAN & SWEENEY, PLLC<br>9 Paradies Lane, New Paltz, NY 12561<br>Tel: (845) 255-9370 / Fax: (845) 255-8649<br>dgetman@getmanlaw.com<br>mdunn@getmanlaw.com |

CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2010 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: L. Dale Owens, Eric Magnus, Todd Van Dyke, Stephen X. Munger, Melissa R. Davis, and Joel T. Alexander.

Dated: November 19, 2010.    Respectfully submitted,

/s/ Robert J. Willis
Robert J. Willis
Attorney for Plaintiffs
P.O. Box 1269
Raleigh, NC  27602
Telephone: (919)821-9031
Fax: (919)821-1763
E-mail: rwillis@rjwillis-law.com