IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-174-H

| | |
|---|---|
| LILIANA MARTINEZ-HERNANDEZ and ULDA APONTE, both individually and on behalf of all other similarly situated persons, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | **ORDER** |
| ) | |
| BUTTERBALL, L.L.C., ) ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiffs' motions to seal [DE- 471, 484, & 486]. Before granting a motion to seal, courts must first give the public notice and a reasonable opportunity to challenge the motion and then examine the public's right to access in conformity with *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir.1988). If the court finds that the public's right to access is outweighed by another significant interest, then the court must consider whether there are less drastic alternatives to sealing. *Id.* In furtherance of this directive from the Court of Appeals, this Court has promulgated local rules and procedures related to the filing of sealed material. *See* Local Civil Rule 79.2 and Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)1-7 (Rev. Jan. 25, 2010); *see also* July 7, 2010 Order (denying Butterball's motion to seal for failure to comply with Court's policies and procedures) [DE-414]. The pending motions to seal do not fully address how the requests to seal overcome the common law or First Amendment presumption to access or the reasons why alternatives to sealing are inadequate, as required by the Court's policies and procedures. *See* Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)1. Additionally, the presence of a protective order in the case does not absolve the Court of its duty to

make the determinations required by *Stone*.

Finally, it appears that some or all of the documents Plaintiffs asked the Court to seal were designated as confidential by Butterball. "In the event that a filing party seeks to file materials that have been designated confidential by another party or individual, the filing party shall provisionally file the materials under seal in accordance with Local Civil Rule 79.2 and Local Criminal Rule 55.2, with notice served on the party or individual who desires to maintain the materials under seal." Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)6. The specific notice requirements may be found in the policies and procedures manual. *Id.*

Accordingly, Plaintiffs' motions are **DENIED** with leave to refile a motion or notice, as appropriate, within **twenty one (21) days** of entry of this order. The proposed sealed documents shall remain **SEALED** to allow Plaintiffs time to refile. In the event no motion or notice is filed within the time allowed, the Clerk is **DIRECTED** to unseal the document.

This the 23rd day of December, 2010.

DAVID W. DANIEL
United States Magistrate Judge