THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-cv-00174-H

| | |
|---|---|
| LILIANA MARTINEZ-HERNANDEZ<br>and ULDA APONTE, both individually<br>and on behalf of all other similarly<br>situated persons,<br><br>        Plaintiffs,<br><br>v.<br><br>BUTTERBALL, LLC,<br><br>        Defendant. | **ORDER** |

This matter is before the Court upon the Defendant's *Motion to Seal Exhibits I, L, S, W (in part), EE, FF and LL Filed in Support of Defendant's Motion for Partial Summary Judgment Dismissing All Claims Outside the Two-Year Statute of Limitations* ("*Motion to Seal*") [DE #452] on the grounds that:

- Exhibits I, L, W (excerpts), S and LL contain information regarding time studies, and confidential processes, practices and methodologies in the various areas of the plant which are confidential information specific to Defendant's commercial operations, competitively sensitive to Butterball, and considered by Butterball to be a trade secret as defined by *N.C. Gen Stat.* § 66-152;

- Documents EE and FF contain confidential documents related to a non-party relating to a U.S. Department of Labor Investigation of the third-party which Defendant is obligated to keep confidential, and which were received during the due diligence stage of the Defendant's purchase of certain facilities;

- The release of these documents may provide competitors with an unfair business advantage and or cause Defendant to breach existing confidentiality obligations to a third party;

- Defendant's motion to seal is narrowly tailored to protect only those documents and/or portions of documents where a compelling reason to seal the documents exists from a commercially sensitive business and contractual perspective;

- There is no adequate alternative to sealing these documents, as the filing of these documents would defeat their commercially sensitive and confidential nature;

- The confidentiality of these documents has been preserved during the course of this litigation;

- The public does not already have access to these documents;

- The release of these documents would not provide any significant benefit to the public; and

- Thus, that Butterball's interest in preserving the confidentiality of this information outweighs the public's right to access this information.

**IT APPEARING TO THE COURT** disclosure of the information contained in these Exhibits may work a clearly defined and serious injury to Defendant; and

**IT APPEARING TO THE COURT** that good cause has been shown for the granting of the *Motion to Seal*; and

IT APPEARING TO THE COURT that the Defendant has demonstrated the necessity and propriety of sealing the documents at issue and that alternatives to sealing would be insufficient; and

IT APPEARING TO THE COURT that Defendant's motion to seal is narrowly tailored to protect only those documents and/or portions of documents where a compelling reason to seal the documents exists from a commercially sensitive business and contractual perspective; and

IT APPEARING TO THE COURT that the requirements of *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178 (4th Cir. 1988) have been satisfied; and

IT APPEARING TO THE COURT that the Plaintiffs have no objection to the granting of this Motion;

IT IS NOW THEREFORE ORDERED that Defendant's *Motion to Seal* be GRANTED and that Exhibits I, L, S, W (in part), EE, FF and LL filed in support of *Defendant's Motion for Partial Summary Judgment Dismissing All Claims Outside the Two-Year Statute of Limitations* will be filed under seal.

SO ORDERED, this the 20th day of January, 2011.

David W. Daniel
United States Magistrate Judge

3

Case 5:07-cv-00174-H   Document 547   Filed 01/20/11   Page 3 of 3