IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-174-H(2)

LILIANA MARTINEZ-HERNANDEZ and  )
ULDA APONTE, both individually  )
and on behalf of all other      )
similarly situated persons,     )
                                )
       Plaintiffs,              )
                                )      **ORDER**
   v.                           )
                                )
BUTTERBALL, LLC,                )
                                )
       Defendant.               )

This matter is before the court on a Motion for Judgment on the Pleadings filed by the defendant, Butterball, LLC ("Butterball") [DE #251]. Butterball seeks dismissal of any minimum wage or overtime claims under the North Carolina Wage and Hour Act ("NCWHA"), contending (1) that plaintiffs have not alleged any such claims in their amended complaint; and (2) that Butterball is exempt from such claims pursuant to N.C. Gen. Stat. § 95-25.14(a)(1). Plaintiffs have responded, Butterball has replied, and this matter is ripe for adjudication.

At the heart of Butterball's motion is a passage from this court's September 2, 2008, summary judgment order. Rejecting Butterball's argument that plaintiffs' state-law claims are preempted by the Fair Labor Standards Act, this court stated:

> [T]his case is unlike <u>Anderson</u> in that plaintiffs are not merely using state law to enforce their rights under the [Fair Labor Standards Act ("FLSA")]. In addition to asserting overtime and minimum wage claims, plaintiffs claim that Butterball violated the North Carolina Wage and Hour Act by failing to pay its employees (1) wages, when due, for all hours worked at their regular hourly rate (which exceeded the minimum wage rate under the FLSA); <u>(2) wages at North Carolina's minimum wage rate of $6.15 per hour (which exceeded the FLSA minimum wage rates of $5.15 and $5.85 per hour for the applicable periods of time); and (3) overtime wages of one and one-half times their regular hourly rate.</u>

(Summ. J. Order [DE #106] at 7 (emphasis added).) Butterball takes exception to the court's characterization of plaintiffs' claims, arguing that "[n]owhere in the pleadings do Plaintiffs assert a claim that Butterball violated the North Carolina minimum wage law, N.C. Gen. Stat. § 95-25.3, or the North Carolina overtime law, N.C. Gen. Stat. § 95-25.4." (Mem. Supp. Df.'s Mot. J. Pleadings at 2.) Butterball asserts that the only claims set forth in plaintiffs' complaint are "(1) a claim alleging improper wage deductions for personal protective equipment under the NCWHA; (2) a claim under N.C. Gen. Stat. § 95-25.6 (the 'payday' statute) alleging that Butterball did not pay all wages when due; and (3) a claim for minimum wage and overtime under federal law, that is, the FLSA." (<u>Id.</u>)

Plaintiffs concede they have no state minimum wage or overtime claims for the period preceding January 1, 2007, or for the period after July 23, 2008, because North Carolina's minimum wage rate did not exceed the FLSA's minimum wage rate during those time periods. However, plaintiffs contend that they have sufficiently alleged

2

minimum wage and overtime claims under the NCWHA for the period of January 1, 2007, through July 23, 2008. This court agrees.

Although not a model of clarity, plaintiffs have sufficiently pled minimum wage and overtime claims pursuant to the NCWHA. Paragraph two of plaintiffs' amended complaint alleges, in part:

> This action is brought under <u>both the FLSA and the NCWHA for unpaid wages, overtime wages, and unpaid minimum wages</u> based upon the failure of the defendants to pay named plaintiffs . . . and the class of workers . . . on their regular pay day for all of the work time in which they were engaged by the defendants to wait or perform other work [donning and doffing time] . . . and the defendants' failure to pay the named plaintiffs and other similarly situated employees . . . all of their weekly wages when those wages were due based upon the defendants' practice of making wage deductions for certain items of personal protective equipment . . . .

(Am. Compl. ¶ 2.) Additionally, plaintiffs' second claim for relief, their "payday" claim, seeks damages "in the form of unpaid wages that may be recovered under N.C. Gen. Stat. § 95-25.22(a)." (Am. Compl. ¶ 42; <u>see also</u> Am. Compl. ¶ 41 (alleging reckless disregard of N.C. Gen. Stat. § 95-25.22).) Section 95-25.22(a) provides:

> Any employer who violates the provisions of G.S. 95-25.3 (Minimum Wage), G.S. 95-25.4 (Overtime) or G.S. 95-25.6 through 95-25.12 (Wage Payment) shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, their unpaid overtime compensation, or their unpaid amounts due under G.S. 95-25.6 through 95-25.12, as the case may be, plus interest at the legal rate set forth in G.S. 24-1, from the date each amount first came due.

Finally, plaintiffs' prayer for relief seeks a declaratory judgment that Butterball violated its obligation "to pay the plaintiffs and

3

other similarly situated employees . . . their weekly wages when due at their regular, weekly pay day, <u>and overtime and minimum wages required by the North Carolina Wage and Hour Act</u> and the Fair Labor Standards Act." (Am. Compl. at 28 (emphasis added).) These allegations are sufficient to put Butterball on notice that plaintiffs are claiming violations of North Carolina's minimum wage and overtime provisions. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))).

Accordingly, Butterball's motion for judgment on the pleadings [DE #251] is GRANTED in part and DENIED in part. The court hereby dismisses any claims for minimum wage or overtime pay under the NCWHA for the period preceding January 1, 2007, and for the period after July 23, 2008.

This 30TH day of March 2011.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31