IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-174-H(2)

LILIANA MARTINEZ-HERNANDEZ and )
ULDA APONTE, both individually )
and on behalf of all other )
similarly situated persons, )
)
      Plaintiffs, )
) **ORDER**
  v. )
)
BUTTERBALL, LLC, )
)
      Defendant. )

This matter is before the court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure on the parties' cross appeals of an order entered by United States Magistrate Judge David W. Daniel, in which Judge Daniel disposed of fifteen discovery motions. (See Order dated May 21, 2010 [DE #390].) Timely objections and responses have been filed by the parties, and this matter is ripe for ruling.

I. **Plaintiffs' Appeal**

    A. **HRARs & FTMRs**

Plaintiffs first object to Judge Daniel's denial of plaintiffs' motion to compel Butterball to produce certain documents entitled "Human Resources Action Reports" ("HRARs") and "Focus Team Meeting Reports" ("FTMRs"). Plaintiffs maintain that "at least some of the [HRARs and FTMRs] actually contained information that constituted

direct evidence as to a major or hotly disputed issue in this litigation," that is, the amount of time spent donning and doffing protective gear before and after meal breaks.

In Perez v. Mountaire Farms, No. 09-1917, 2011 WL 2207110 (4th Cir. June 7, 2011), the Fourth Circuit recently held that employees at a poultry processing plant "are not entitled to compensation for the time spent donning and doffing protective gear incident to the meal period." Perez, 2011 WL 2207100 *11. Because the activities involved in this case are indistinguishable from those in Perez, the HRARs and FTMRs sought by plaintiffs do not appear reasonably calculated to lead to the discovery of relevant, admissible evidence.

Accordingly, the court affirms the Magistrate Judge's denial of plaintiffs' motion to compel production of these records. Plaintiffs' motion to supplement their appeal with recently discovered evidence that HRARs "were kept in the regular course of business" [DE #437] is DENIED.

### B. Plaintiffs' Second Contempt Motion

Plaintiffs further appeal Judge Daniel's denial of plaintiffs' second contempt motion regarding two interrogatories seeking discovery of information or advice that Maxwell Farms LLC had received concerning its and Butterball's compliance with federal and state wage and hour laws. Plaintiffs contend that their motion sought an order compelling both Maxwell Farms LLC and Butterball to

2

provide a more complete response to the interrogatories but that Judge Daniel construed the motion as involving only Butterball and therefore failed to address whether Maxwell Farms had violated the court's prior order dated December 18, 2009.

Contemporaneously with the filing of their appeal of Judge Daniel's order, plaintiffs filed a separate motion to compel Maxwell Farms LLC to answer the interrogatories at issue. (See Mot. Compel [DE #392].) On November 9, 2010, Judge Daniel entered an order clarifying that the December 18, 2009, order was intended to deny plaintiffs' request as to Maxwell Farms. Judge Daniel therefore denied plaintiffs' motion to compel Maxwell Farms to respond to the interrogatories. Judge Daniel explained that the discovery sought by plaintiffs was unreasonably cumulative or duplicative and that plaintiff had ample opportunity to obtain the information from other sources. (See Order dated Nov. 9, 2010 [DE #444].) As such, the merits of plaintiffs' motion as to Maxwell Farms have since been addressed by the court. The court therefore overrules plaintiffs' objection to Judge Daniel's failure to address Maxwell Farms in the December 18, 2009, order.

**C. Plaintiffs' Request for Additional Inspection**

In the order appealed by plaintiffs, Judge Daniel ordered Butterball to permit plaintiffs to conduct a second, limited inspection of Butterball's facility but denied plaintiffs' request to have their "rebuttal expert," Dr. Robert Radwin, present.

3

Because plaintiffs had chosen not to designate an expert for the case, Judge Daniel determined that their designation of a rebuttal expert was a "back-door attempt to get in expert testimony." (Order dated May 21, 2010 [DE #390] at 25.) Finding that "Dr. Radwin's testimony, if allowed, would not be in the nature of true rebuttal testimony," Judge Daniel denied plaintiffs leave to submit a rebuttal expert report by Dr. Radwin.

Plaintiffs appeal Judge Daniel's ruling as to Dr. Radwin. They argue that Judge Daniel committed clear error in determining that the real reason for designating a rebuttal expert was to have Dr. Radwin conduct a time study with regard to the amount of time spent donning and doffing protective equipment.

The court's consideration of this issue is aided by Dr. Radwin's proposed report, which plaintiffs were allowed to proffer in support of their appeal. In this report, Dr. Radwin criticizes the methodology used by Butterball's expert, Dr. Jeffrey Fernandez, in determining the time spent donning and doffing protective equipment at Butterball's Mount Olive plant. For example, Dr. Radwin states that the time study methodology utilized by Dr. Fernandez is unreliable for estimating uncompensated time. According to Dr. Radwin, the methods analysis time study used by Dr. Fernandez "is most appropriately used to time study stereotypical repetitive tasks" that can be broken down into a series of simple steps, each of which is measured separately then added together to determine the

4

sum total time needed to complete one cycle of the task.  Dr. Radwin reports that the purpose of such a study is to consider and design process improvements in order to increase efficiency or improve productivity.  Because Dr. Fernandez fails to consider "essential activities integral to and part of the donning and doffing tasks," such as time spent waiting in line, waiting to proceed, negotiating crowded places and searching for and selecting appropriate items, Dr. Radwin opines that Dr. Fernandez's study underestimates the actual time taken to complete the donning and doffing tasks.

Other observations noted in Dr. Radwin's report include the following:

>    1.   Dr. Fernandez measures the minimum time that employees should take to don and doff protective gear, as opposed to the actual time spent.
>
>    2.   The time needed to don and doff equipment is dependent upon workplace design and facilities, matters not considered by Dr. Fernandez.
>
>    3.   Dr. Fernandez's time study is based on simulations and theoretical times (not actual time spent on activities).
>
>    4.   Dr. Fernandez's report does not consider the continuous workday and therefore does not account for all uncompensated time.
>
>    5.   Dr. Fernandez does not indicate whether the sample of employees studied were hand selected or randomly chosen, nor does he indicate whether precautions were taken to prevent bias in the testing procedures used.

At no point does Dr. Radwin reference any time study conducted by him or give any expert opinion as to the amount of time spent  donning

5

and doffing protective gear.

The court concludes that Dr. Radwin's report constitutes rebuttal testimony and should be allowed. However, the court finds no error in Judge Daniel's decision to deny permission for Dr. Radwin to be present during the second inspection of Butterball's facility. That portion of Judge Daniel's order is therefore affirmed.

The court further finds that the four-hour limitation imposed upon the second inspection allowed by Judge Daniel was reasonable. Accordingly, that portion of the May 21, 2010, order is also affirmed.

### D. ESI Search

Plaintiffs' remaining objection, concerning the terms to be used by Butterball in searching for electronically stored information has been withdrawn by plaintiffs. (See Notice of Withdrawal [DE #411].) Consequently, the court does not address that issue.

### II. Defendant's Appeal

Butterball appeals Judge Daniel's ruling that ConAgra had waived its attorney-client and work-product privileges in certain documents left at its Carthage, Missouri plant following Butterball's acquisition of the facility in October 2006.[1]

---

[1] There is no dispute that the documents were privileged when held by ConAgra. The only question here is whether ConAgra waived its privileges in these documents when it left the documents behind.

6

Butterball asserts that these documents were part of the assets transferred by ConAgra and that the attorney-client and work-product privileges transferred to Butterball as ConAgra's successor. The court agrees.

"[W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." Commodity Futures Trading Comm'n v. Wentraub, 471 U.S. 343 (1985). "New managers installed as a result of a takeover, merger, loss of confidence of shareholders, or simply normal succession may waive the attorney-client privilege with respect to communications made by former officers and directors." Id. at 349. Officers of the predecessor corporation are completely divested of any right to assert such a privilege. Id.

In July 2006, ConAgra entered into an Asset Purchase Agreement for the sale of, among other things, its turkey business (including the Butterball brand name) to Smithfield Foods, Inc. ("Smithfield"). Among the assets to be transferred to Smithfield were ConAgra's "books, records and other sales, general and administrative assets" related to ConAgra's turkey business. Shortly thereafter, Smithfield assigned to Butterball (a newly formed limited liability company) its rights under the Asset Purchase Agreement to ConAgra's turkey business. Since that time, Butterball has operated the Carthage facility as ConAgra's successor. Accordingly, ConAgra's attorney-client and work-product privileges transferred to

Butterball upon Butterball's assumption of control over ConAgra's Carthage facility. The fact that ConAgra "left behind" these documents did not operate to waive either the attorney-client or work-product privilege. The court therefore sustains Butterball's objection to the Magistrate Judge's order and vacates that portion of the order, which concluded that ConAgra had waived its attorney-client and work-product privileges in the documents "left behind" and required Butterball to produce those documents to plaintiffs.

## **CONCLUSION**

For the foregoing reasons, the May 21, 2010, order entered by United States Magistrate Judge David W. Daniel [DE #390] is vacated in part and affirmed in part. Plaintiffs shall have ten (10) days from the date of this order to file the rebuttal expert report prepared by Dr. Robert Radwin. Plaintiffs' motion to supplement their appeal [DE #437] is DENIED.

This 29th day of September 2011.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31