IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-174-H(2)

| | |
|---|---|
| LILIANA MARTINEZ-HERNANDEZ and ULDA APONTE, both individually and on behalf of all other similarly situated persons,<br><br>    Plaintiffs,<br><br>    v.<br><br>BUTTERBALL, LLC,<br><br>    Defendant. | **ORDER** |

This matter is before the court on plaintiffs' motion to bifurcate the trial of this action [DE #466]. Plaintiffs ask the court "to limit the trial before a jury to solely determining those factual disputes which a jury should properly resolve – i.e. whether Butterball fails to compensate its production employees for all work they perform and how many minutes of uncompensated work Butterball requires them to perform." (Pfs.' Reply Brief Supp. Mot. Bifurcate [DE #508] at 1.) Plaintiffs maintain that the calculation of any damages owed is "then a purely mathematical calculation" (id. at 2) to be computed by the court. Plaintiffs further assert that whether Butterball acted in good faith so as to avoid liability altogether or to avoid liquidated damages is a question for the court to decide following the jury's verdict. Thus, plaintiffs contend that the

trial of plaintiffs' claims should be bifurcated, with the jury deciding liability issues and the court deciding issues related to Butterball's good faith defenses and damages.

Butterball opposes bifurcation. Butterball contends that "[b]ifurcating the issue of damages from liability, and requiring Butterball to try the issue of damages to the Court instead of to a jury, would violate Butterball's right to a jury trial." (Df.'s Resp. Opp. Pfs.' Mot. Bifurcation [DE #496] at 3.) Butterball also argues that bifurcating liability from the issue of liquidated damages would be inefficient because evidence as to its good faith defense is also relevant to plaintiffs' willfulness claim. In their reply brief, plaintiffs waived their "claim to a third year of FLSA damages based upon a finding of 'willfulness' under 29 U.S.C. §255(a)." As a consequence, this second argument is now moot.

Given plaintiffs' waiver of any FLSA claims that are based on a finding of willfulness, as well as the myriad procedural issues that arise in the trial of a class action lawsuit such as this, the court DENIES WITHOUT PREJUDICE plaintiffs' motion to bifurcate [DE #466] and ORDERS the parties to confer with one another regarding the most efficient procedure for the trial of all issues involved in this action.[1] In so doing, counsel should bear in mind that it

---

[1] The court acknowledges that to date the parties have been unable to agree on any matter, including the color of the sky or the day of the week. The court holds out some hope that the parties will be able to set aside their differences for a brief period of time

is the court's routine practice to set time limits for the trial of civil matters. As part of their pretrial order, the parties shall provide the court with a list of the claims/issues asserted by the parties, whether the parties contend that such claims/issues are questions for the jury or the court, proposed special interrogatories and any proposed trial procedures, including any agreement with regard to bifurcation or the appropriate method and procedure for determining damages, if appropriate.

This 29th day of September 2011.

[signature]

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31

---

in order to reach some agreement as to a fair and efficient procedure for the trial of this matter.