```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                    WESTERN DIVISION
                  No. 5:07-CV-174-H(2)
```

LILIANA MARTINEZ-HERNANDEZ and )
ULDA APONTE, both individually )
and on behalf of all other )
similarly situated persons, )
                                )
      Plaintiffs, )
                                )    **ORDER**
  v. )
                                )
BUTTERBALL, LLC, )
                                )
      Defendant. )

This matter is before the court on defendant's motion for partial summary judgment on its good faith defenses [DE #456] and plaintiffs' motion for partial summary judgment as to defendant's good faith and other affirmative defenses [DE #473]. Appropriate responses and replies have been filed, and the time for further filings has expired. This matter is therefore ripe for ruling.

### BACKGROUND

This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq. ("NCWHA"). Plaintiffs are current or former production line employees at the Mount Olive, North Carolina, turkey processing plant owned by defendant Butterball, LLC ("Butterball"). Plaintiffs claim

that during the two-year period immediately preceding the filing of this action Butterball utilized a "GANG" or scheduled time compensation system, whereby Butterball paid its production line employees only for the hours the production lines were scheduled to operate. Plaintiffs assert that defendant failed to compensate them for time spent engaged in such activities as donning and doffing protective equipment and traveling to and waiting at production lines and cleaning certain protective equipment ("donning and doffing time"). Plaintiffs seek unpaid back wages, unpaid benefits, liquidated damages, attorney's fees, and other relief. Butterball denies liability.

Until 2006, Butterball paid the production line employees at its Mount Olive plant based strictly on their scheduled start and stop times. Employees were not compensated at all for time spent donning and doffing protective equipment. In June 2006, Butterball began paying its production employees "plug time" of six minutes per day in order to compensate them for donning and doffing time. Butterball's decision to pay "plug time" to its production employees was prompted by the Supreme Court's decision in IBP, Inc. v. Alvarez, 546 U.S. 21 (2005). After learning of the Alvarez decision, Butterball officials reviewed various industry memos and trade publications discussing the state of the law with regard to the compensability of donning

2

and doffing time. Butterball also conducted two time studies in which it attempted to measure the donning and doffing time spent by employees working in the "Raw" and "Ready to Eat" sections of the Mount Olive facility prior to and at the conclusion of their shifts. Based on these studies, Butterball determined that six minutes per day would be an appropriate amount of time to compensate the employees for donning and doffing time.

## COURT'S DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate pursuant to Rule 56 of the Federal Rules of Civil Procedure when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in his pleading. Anderson, 477 U.S. at 248. To survive summary judgment, he "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)

3

Case 5:07-cv-00174-H   Document 624   Filed 09/30/11   Page 3 of 13

(quoting Fed. R. Civ. P. 56(e)). Summary judgment is not a vehicle for the court to resolve disputed factual issues. Faircloth v. United States, 837 F. Supp. 123, 125 (E.D.N.C. 1993). Instead, a trial court reviewing a claim at the summary judgment stage should determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249.

In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). However, the court need not accept as true a party's legal conclusions. Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine "both the materiality and the genuineness of the alleged fact issues" in ruling on this motion. Faircloth, 837 F. Supp. at 125.

**I. Good Faith Defenses**

The first issue presented by the parties' motions concerns Butterball's assertion of good faith defenses under 29 U.S.C. § 259(a), 29 U.S.C. § 260 and N.C. Gen. Stat. § 95-25.22(a1). Butterball seeks a ruling that it acted in good faith, as a

4

matter of law, with regard to its pay practices so as to preclude plaintiffs from recovering liquidated damages for any alleged violations. Plaintiffs object, asserting that Butterball has not met its burden of proving good faith under these statutes. Plaintiffs further move for partial summary judgment on Butterball's assertion of a good faith reliance defense pursuant to 29 U.S.C. § 259(a).

The Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251 et seq., includes certain employer defenses that may apply even if the employer is found to be in violation of the FLSA. Among these is Section 10 of the Act (codified at 29 U.S.C. § 259(a)), which shields employers from liability under the FLSA if the employer pleads and proves that it acted in good faith reliance upon a written administrative regulation, order, ruling, approval, or interpretation, of the United States Department of Labor ("DOL"), or an administrative practice or enforcement policy of DOL. See 29 U.S.C. § 259(a).[1]

---

[1]Section 10 provides, in pertinent part, as follows:

[N]o employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the [FLSA] . . . if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or

5

The purpose of the good faith reliance defense is to protect employers who "innocently and to their detriment follow the law as interpreted by a government agency, without notice that the agency's interpretation was invalid or in error." Hultgren v. County of Lancaster, 913 F.2d 498, 507 (8th Cir. 1990). "It is not intended that this defense shall apply where an employer had knowledge of conflicting rules and chose to act in accordance with the one most favorable to him." 93 Cong. Rec. 4390 (1947) (statement of Rep. Walter).

To avail itself of this defense, an employer must prove (1) that it actually relied upon an administrative regulation, order, ruling, approval, interpretation, enforcement policy or practice of the United States Department of Labor; (2) that it acted in conformity with the regulation, order, ruling, approval, interpretation, enforcement policy or practice; and (3) that it acted in good faith in doing so. See Hultgren, 913 F.2d at 507; 29 C.F.R. § 790.13(a). To meet the good-faith requirement, an employer must show that its acts were taken in

---

> interpretation, of [DOL)], or any administrative practice or enforcement policy of [DOL] with respect to the class of employers to which he belonged. . . .

29 U.S.C. § 259(a).

good faith, both subjectively and objectively. Clifton D. Mayhew, Inc. v. Wirtz, 413 F.2d 658, 662-63 (4th Cir. 1969).

If an employer fails to meet the stringent standard for good faith reliance, he may nevertheless be able to avoid liquidated damages under the FLSA by relying on the good faith defense provided by Section 11 of the Portal-to-Portal Act. Section 11, which has been codified at 29 U.S.C. § 260, gives the court discretion to limit or deny liquidated damages where the employer is found to have acted in good faith and had reasonable grounds to believe his act or omission did not violate the FLSA. 29 U.S.C. § 260. The employer bears a "'plain and substantial burden'" "to persuade the court that the 'failure to obey the [FLSA] was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.'" Mayhew v. Wells, 125 F.3d 216, 220 (4th Cir. 1997) (quoting Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 357 (4th Cir. 1994)).

This defense requires the employer to prove an honest intention to ascertain and follow the law. Hultgren, 913 F.2d at 509. An employer may not take an "ostrichlike" approach to the FLSA by "'simply remain[ing] blissfully ignorant of FLSA requirements.'" Roy v. County of Lexington, 141 F.3d 533, 548-49 (4th Cir. 1998) (quoting Burnley v. Short, 730 F.2d 136, 140

7

(4th Cir. 1984)). It is not enough, though, that the employer honestly believes it is in compliance with the law; that belief must also be objectively reasonable. Hultgren, 913 F.2d at 509.

North Carolina General Statute § 95-25.22(a1) is virtually identical to the good faith defense provided by Section 11 of the Portal-to Portal Act. This statute authorizes the court, in its discretion, to deny or limit liquidated damages for violation of the NCWHA where an employer "shows to the satisfaction of the court that the act or omission constituting the violation was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation" of the NCWHA. N.C. Gen. Stat. § 95-25.22(a1).

Butterball contends that it is entitled to summary judgment on its good faith defense to liquidated damages. Butterball argues that the evidence presented establishes (1) that Butterball took active steps to ascertain its obligations under the FLSA and NCWHA and to comply with those laws; and (2) that its belief of compliance was objectively reasonable in light of the uncertainty in the law regarding compensability of donning and doffing time. Butterball asserts that it consulted a number of sources, including industry newsletters and memoranda prepared by legal experts and distributed to members of the National Chicken Council and National Turkey Federation, United

8

States Department of Labor Opinion Letters, and caselaw on the subject of donning and doffing. Following Alvarez, it also conducted time studies, which it states were used to decide the amount of "plug time" to pay its employees for time spent donning and doffing. Relying on these acts, Butterball maintains that it reasonably believed its payment practices complied with the FLSA and NCWHA.

Plaintiffs oppose Butterball's motion, arguing that Butterball's acts fall far short of establishing either good faith or reasonable grounds for believing it was in compliance with the FLSA and NCWHA. Plaintiffs maintain that Butterball's actions are more akin to an employer "following the most favorable advice, in the face of obvious conflict, [which] does not constitute good faith." Donovan v. Bel-Loc Diner, Inc., 780 F.2d 1113, 1118 (4th Cir. 1985), overruled on other grounds by McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988). Plaintiffs point out that while Butterball claims to be relying on information provided by legal counsel for the National Chicken Council and National Turkey Federation, at no point did Butterball seek the advice of an attorney or relevant government agency about Butterball's liability for donning and doffing time following the Supreme Court's decision in Alvarez. Plaintiffs assert that the actions taken by Butterball following Alvarez

9

were, at most, measures aimed at mitigating Butterball's liability and do not constitute an honest or objectively reasonable attempt to comply with the wage and hour laws.

Plaintiffs further move for summary judgment on Butterball's good faith reliance defense. Plaintiffs first contend that the DOL's Field Operations Handbook upon which Butterball relied is not an established ruling, administrative regulation or agency interpretation within the meaning of 29 U.S.C. § 259(a). Additionally, plaintiffs assert that Butterball has failed to present sufficient evidence to support a finding that Butterball acted in reliance upon the Field Operations Handbook, that it acted in conformity with the Handbook, or that its action were taken in good faith.

Butterball opposes summary judgment on the good faith reliance defense. Butterball contends that substantial evidence has been shown to support a finding that it acted in good faith, in conformity with, and in reliance on the Field Operations Handbook and other DOL opinions and policies when it made the decision to pay "plug time" to compensate its production employees for time spent donning and doffing.

The court determines that summary judgment is not appropriate as to either Butterball's good faith reliance defense or its good faith defense to liquidated damages under 29

U.S.C. § 260 and N.C. Gen. Stat. § 95-25.22(a1). While Butterball has presented evidence to demonstrate the various actions taken by it following the Alvarez decision, there exist genuine issues of material fact concerning Butterball's intentions, the reasonableness of the steps taken by Butterball to ascertain its compliance or non-compliance with the FLSA and NCWHA, and whether Butterball's belief of compliance was objectively reasonable in light of the legal developments concerning the compensability of donning and doffing time. Accordingly, Butterball is not entitled to summary judgment on its good faith defense to liquidated damages.

The court further finds that material disputed facts exist as to whether Butterball actually relied upon and acted in conformity with an administrative regulation, order, ruling, approval or interpretation of DOL and whether its actions were taken in good faith. Consequently, plaintiffs are not entitled to summary judgment on Butterball's good faith reliance defense.

## II. Defendant's Other Affirmative Defenses

Finally, plaintiffs move for summary judgment as to the following affirmative defenses pled by Butterball: (1) Butterball's Ninth and Nineteenth Defenses, in which Butterball claims that any calculation of uncompensated work time should be offset by any time for which plaintiffs were

11

compensated but not working; (2) Butterball's Fourteenth Defense, alleging that time spent donning and doffing protective gear that plaintiffs are permitted to don and doff away from the workplace is per se non-compensable under the FLSA and NCWHA; (3) Butterball's Eighth Defense, asserting that plaintiffs' FLSA claims are barred to the extent plaintiffs have submitted false and inaccurate time reports; (4) Butterball's Tenth Defense requesting that any damages be limited to the extent plaintiffs have failed to mitigate any damages; (5) Butterball's Eleventh Defense, asserting the doctrine of unclean hands; and (6) Butterball's Twelfth Defense of laches.

Butterball does not contest plaintiffs' motion as it relates to Butterball's Eighth, Tenth, Eleventh and Twelfth Defenses. Accordingly, summary judgment is granted for plaintiffs as to those defenses.

Plaintiffs' motion is otherwise denied. Butterball's Ninth and Nineteenth Defenses for setoff go to the issue of plaintiffs' alleged damages and will be addressed upon a finding of liability, if any. As to Butterball's Fourteenth Defense, there remain genuine issues of material fact as to whether plaintiffs were permitted to and did, in fact, don and doff personal protective equipment away from the workplace.

12

Consequently, summary judgment is not warranted as to these defenses.

## CONCLUSION

For the foregoing reasons, defendant's motion for partial summary judgment is DENIED and plaintiffs' motion for partial summary judgment is GRANTED as to Butterball's Eighth, Tenth, Eleventh and Twelfth Defenses and is otherwise DENIED.

This 30th day of September 2011.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31